

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SHEMORI CORINTHIAN
Labor and Employment Law Division
(212) 356-4076
scorinth@law.nyc.gov

July 10, 2024

**BY ECF**

Honorable J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 706
New York, NY 10007

      Re:  <u>Briskin, et al. v. City of New York, et al.</u>
           Docket No. 24-cv-03557(JPO)

Dear Judge Oetken:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, recently assigned to represent the Defendants in the above-referenced matter. I write in response to Plaintiffs' July 8, 2024 letter opposing Defendants' request for an extension of time to respond to the Complaint. (ECF Dkt 9.) Plaintiffs' letter contains certain mischaracterizations about Defendants' counsel's conduct. I now correct and supplement the record here.

      On Monday, July 1, 2024, at 12:15 PM, I reached out to Plaintiffs' counsel via email seeking his consent to my proposed extension to respond to the Complaint by October 7, 2024. On that same day, Plaintiffs' counsel informed me that he could not agree to my proposed extension without conferring with his clients and noted that it would be unlikely that his clients would allow him to consent to my proposed extension without Defendants demonstrating an interest in settling the action. On the same day at 12:32 PM, Plaintiffs' counsel asked for a preliminary meet and confer within in the next day or two. Within twenty minutes of his request, I informed Plaintiffs' counsel that I was available on Wednesday or Friday afternoon, and Plaintiffs' counsel responded with his availability on those dates. On Wednesday, July 3, 2024, the parties agreed to meet and confer on July 5 at 2 PM. Although a meet and confer was not necessary at this phase in the litigation, Defendants' counsel immediately responded to Plaintiffs request for a conference without engaging in any dilatory conduct.

During the July 5th meeting, I informed Plaintiffs' counsel that I was newly assigned to represent Defendants in this action and was in the process of gathering and reviewing information about Plaintiffs' claims and that at this preliminary stage, I could not commit to any settlement terms. Further, I did not any make any representation about how I intended to respond to the Complaint. Even though I repeatedly conveyed this information, Plaintiffs' counsel repeatedly pushed for a proposed two-week extension on the condition that the parties enter into a briefing schedule for a 12(b)6 motion to dismiss. Towards the end of conference, Plaintiffs' counsel expressed that my proposed extension was too long given that prior waiver of service that was signed on behalf of Defendants prior to my assignment on this case.

In my letter application seeking an extension of time, I accurately explained Plaintiffs' position on Defendants' proposed extension, based on the July 1 and July 5 communications between the parties. Plaintiffs' counsel assertion that I attempted to mislead the Court by omitting the two-week offer is disingenuous, because at the time of the meeting, Defendants had not even contemplated making a motion to dismiss in this action and had no obligation to commit to a motion schedule to appease Plaintiffs' counsel. Defendants' counsel intends to continue to investigate the claims of the individually named Plaintiffs and purported class members made pursuant to the Federal and State Constitutions and New York Human Rights laws while conferring with the client agency to formulate the appropriate response to the Complaint.

Accordingly, the Defendants respectfully request that the Court extend the time by which the Defendants must respond to the Complaint from July 9, 2024 until October 7, 2024.

Respectfully Submitted,

By: /s/ *Shemori S. Corinthian*
Shemori S. Corinthian

cc: Peter Romer-Friedman, Esq **(BY ECF)**
Peter Romer-Friedman Law PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
peter@prf-law.com