UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
COREY BRISKIN and NICHOLAS MAGGIPINTO, on
behalf of themselves and all others similarly situated,

                                     **Plaintiffs,**

                 -against-

CITY OF NEW YORK, ERIC L. ADAMS, individually
and in his official capacity as the Mayor of the City of
New Yok, RENEE CAMPION, individually and in her
official capacity as the Commissioner of the Office of
Labor Relations of the City of New York, BILL
DEBLASIO, AND ROBERT LINN,

                                    **Defendants.**
------------------------------------------------------------------- x

**ANSWER**

24-cv-03557(JPO)

        Defendants, by their attorney, Muriel Goode-Trufant **,** Acting Corporation Counsel

of the City of New York, as and for their answer to the Complaint, respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

deny knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Plaintiffs' or that of unidentified gay men abilities to conceive a child or for what

purpose unidentified individuals use in vitro fertilization (IVF), and admit that the City offers

healthcare benefits to City employees and their eligible dependents through the New York City

Health Benefits Program, which includes access to IVF treatments.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that the City offers healthcare benefits to City employees and their eligible dependents.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except

deny knowledge or information sufficient to form a belief as to the truth of the allegations

regarding whether gay men like Plaintiffs who wish to have biological children have no path to do

so without IVF.   To the extent the allegations call for a legal conclusion, no response is required.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage[1].

5.      Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.  To the extent the allegations call for a legal conclusion, no response is required.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the policies of large employers or the needs of gay men to grow their families vis-à-vis any other unidentified employee, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs have been eager to grow their family through the conception of biological children and allegations concerning the out-of-pocket costs of IVF and admit that Plaintiff Briskin worked for the City of New York from 2017 to 2022 as an Assistant District Attorney in New York County.

---

[1]The City of New York Health Benefits Summary Program Description,
https://www.nyc.gov/assets/olr/downloads/pdf/health/health-full-spd.pdf

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that City of New York as an employer abides by federal, state and local laws.

11.     The allegations set forth in paragraph "11" of the Complaint assert conclusions of law for which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph "11", and respectfully refer the Court to the cases and statutes cited therein for a complete and accurate statement of their contents.

12.     The allegations set forth in paragraph "12" of the Complaint assert conclusions of law for which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph "12", and respectfully refer the Court to the cases cited  therein for a complete and accurate statement of their contents.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiffs purports to proceed as set forth therein.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the City has informed Plaintiffs that the City's Health Benefits Program does not provide coverage for IVF benefits related to surrogacy and that plaintiffs purport to proceed as set forth therein.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff  Briskin, a New York County Assistant District Attorney employed by the City of New York from 2017 to 2022, and his eligible dependent, Plaintiff Nicolas Maggipinto participated in the GHI-Comprehensive Benefits Plan/Anthem Blue Cross and Blue Shield Hospital Plan, insured by

Emblem Health and Anthem Blue Cross, one of plans offered through the City's Health Benefits Program, and that Plaintiff Briskin remains covered under the Health Benefits Program through post-employment COBRA coverage.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff Nicholas Maggipinto was covered by the GHI-Comprehensive Benefits Plan/Anthem Blue Cross and Blue Shield Hospital Plan, insured by Emblem Health and Anthem Blue Cross and Blue Shield, one of plans offered through the City of New York's Health Benefits Program from 2017 through March 2022, as an eligible dependent of his husband, Plaintiff Briskin, during Mr. Briskin's employment with the City of New York.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that the Office of Labor Relations is a municipal agency of the City of New York, and respectfully refer the Court to the New York State Constitution Article XIII, § 13 for a full and accurate recitation of the structure and organization of the New York County District Attorney's Office.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Eric L. Adams is the current Mayor of the City of New York and has served in that capacity since January 1, 2022, and respectfully refer the Court to New York City Charter §§3-20 for a complete recitation of the duties of the Mayor's office.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Renee Campion is the current Commissioner of OLR and has served in that capacity since 2019.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Bill de Blasio was the Mayor of the City of New York from January 1, 2014 to December 31, 2021, and respectfully refer the Court to New York City Charter §§3-20 for a complete recitation of the duties of the Mayor's office.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Robert Linn was the Commissioner of OLR from 2014 to 2019.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiff purports to base venue as stated therein, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit that on April 12, 2022, Plaintiffs filed a charge of discrimination with the EEOC on behalf of themselves and similarly situated gay males.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, and respectfully refer the Court to the footnoted weblink for a complete and accurate statement of its contents.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the footnoted weblink for a complete and accurate statement of its contents.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to the footnoted weblinks for a complete and accurate statement of their contents.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the footnoted statutes  for a complete and accurate statement of their contents.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the City of New York is one of the largest employers in the United States and admit that the City of New York employs full-time employees such as teachers, police officers, fire fighters, nurses, doctors, social workers, sanitation workers, and lawyers, and respectfully refer the Court to the footnoted weblinks for a complete and accurate statement of their contents.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except deny information or knowledge sufficient to form a basis of belief as to the cost of living in New York City vis-à-vis other cities in the United States, and respectfully refer the Court to the footnoted weblinks for a complete and accurate statement of their contents.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except deny information or knowledge sufficient to form a basis of belief as to whether the City's healthcare plan provides an economic value to plan participants that can be tens of thousands of dollars per year, and even hundreds of thousands of dollars in cases of more serious medical conditions or diseases, and admit that the City of New York offers its employees and their eligible dependents  healthcare benefits.

45.    Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the footnoted weblink for a complete and accurate statement of its contents.

46.    Deny the allegations set forth in paragraph "46" of the Complaint, except admit that the City of New York offers its employees health care coverage through GHI-Comprehensive Benefits Plan/Anthem Blue Cross and Blue Shield Hospital Plan, insured by Emblem Health and Anthem Blue Cross and Blue Shield, amongst other plans.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

50.    Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

51.    Deny the allegations set forth in paragraph "51" of the Complaint, except admit that unlike different-sex couples, same-sex male couples cannot conceive through sexual intercourse with each other.

52.    Deny the allegations set forth in paragraph "52" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, and respectfully refer the Court to the City's Health Benefits Summary Program Description for a complete and accurate statement of the program's infertility benefits and coverage.  To the extent that the allegations call for a  legal conclusion, no response is required.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Admit the allegations set forth in paragraph "58" of the Complaint.

59.     The allegations set forth in paragraph "59" of the Complaint assert conclusions of law for which no response is required, and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their contents.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit Plaintiff Briskin worked as an Assistant District Attorney in the New York County District Attorney's Office from 2017 to 2022.

62.     Admit the allegations set forth in paragraph "62" of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, except admit that in 2022, Plaintiff Briskin left the District Attorney's Office and retained his benefits under the City's Health Benefits

Program and separately retained his benefits under the City's Management Benefits Fund ("MBF") by enrolling in COBRA.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, except admit that Plaintiff Maggipinto retained the benefits provided under the City's MBF through enrolling in COBRA.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs could not afford the substantial expense of IVF.  To the extent the allegations call for a legal conclusion, no response is required.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs were forced to delay the process of conceiving children and growing their family for over five years.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint, except admit that New York State has mandated that IVF coverage cannot be denied on the basis of sex or sexual orientation.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff Briskin contacted the Office of Labor Relations in 2021, and deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Briskin contacted a human resources representative in New York District Attorney's Office to request IVF coverage.

70.     Deny the allegations set forth in paragraph "70" of the Complaint, except admit that the New York City Corporation Counsel represents the City of New York in legal disputes.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the Plaintiffs could not afford IVF services or about their feelings.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiffs filed a sex and sexual orientation discrimination charge against the City of New York with the EEOC, asserting claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law and that the City of New York, through its attorneys, responded to the charge.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, and respectfully refer the Court to the City's position statement, dated May 13, 2022 , for a complete and accurate recitation of its contents.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, except deny knowledge or information sufficient to form a belief as to what the EEOC learned.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the Plaintiffs were able to take the first steps in growing their family and whether  a doctor retrieved eggs from a donor and fertilized them in a laboratory using Plaintiffs' sperm.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except deny knowledge or information sufficient to form a basis of belief as to the truth of Plaintiffs' estimate.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except deny knowledge or information sufficient to form a basis of belief as to what unidentified gay men have foregone or expended.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit that Plaintiff filed an EEOC charge in April 2022.

81.     The allegations set forth in paragraph "81" of the Complaint assert conclusions of law for which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph "81" and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

82.     The allegations set forth in paragraph "82" of the Complaint assert conclusions of law for which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph "82" and respectfully refer the Court to the case law and constitutional provisions cited therein for a full and accurate statement of their contents.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint, except admit that Plaintiffs purports to proceed as set forth therein.

88.     Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Plaintiffs purports to proceed as set forth therein.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

91.     Deny the allegations set forth in paragraph "91" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

92.     Deny the allegations set forth in paragraph "92" of the Complaint, except admit that Plaintiff Briskin purports to proceed as set forth therein.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

95.     Deny the allegations set forth in paragraph "95" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

96.     Deny the allegations set forth in paragraph "96" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein and deny knowledge or information sufficient to form a basis of belief as to where unidentified individuals live and work.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100.    In response to paragraph "100" of Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "99" of the Complaint, as if fully set forth herein.

101.    Deny the allegations set forth in paragraph "101" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

102.    The allegations set forth in paragraph "102" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statue cited therein for a complete and accurate statement of its contents.

103.    The allegations set forth in paragraph "103" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer he Court to the statute cited therein for a complete and accurate recitation of its contents.   Admit, however, that Plaintiff Briskin was an employee of the City of New York from 2017 to 2022.

104.    The allegations set forth in paragraph "104" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

105.    The allegations set forth in paragraph "105" of the Complaint assert a conclusion of law for which no response is required,  and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

106.    The allegations set forth in paragraph "106" of the Complaint assert a conclusion of law for which no response is required,  and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

114.    In response to paragraph "114" of Complaint, Defendants repeat and reallege their responses to paragraphs paragraph "1" through "113" of the Complaint, as if fully set forth herein.

115.    Deny the allegations set forth in paragraph "115" of the Complaint, except admit that Plaintiff Briskin purports to proceed as set forth therein.

116.    The allegations set forth in paragraph "116" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its contents.

117.    The allegations set forth in paragraph "117" of the Complaint assert a conclusion of law for which no response is required , and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its contents.  Admit, however, that Plaintiff Briskin was an employee of the City of New York from 2017 to 2022.

118.    The allegations set forth in paragraph "118" of the Complaint assert a legal conclusion for which no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its contents.

119.    Deny the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

126.    In response to paragraph "126" of Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "125" of the Complaint, as if fully set forth herein.

127.    Deny the allegations set forth in paragraph "127" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

128.    The allegations set forth in paragraph "128" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its contents.

129.    The allegations set forth in paragraph "129" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its contents.

130.    Deny the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

137.    In response to paragraph "137" of Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "136" of the Complaint, as if fully set forth herein.

138.    Deny the allegations set forth in paragraph "138" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    The allegations set forth in paragraph "141" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

142.    The allegations set forth in paragraph "142" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

143.    The allegations set forth in paragraph "143" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

144.    The allegations set forth in paragraph "144" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

150.    In response to paragraph "150" of Complaint, Defendants repeat and reallege their responses to paragraphs paragraph "1" through "149" of the Complaint, as if fully set forth here.

151.    Deny the allegations set forth in paragraph "151" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    The allegations set forth in paragraph "154" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

155.    The allegations set forth in paragraph "155" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents.

156.    The allegations set forth in paragraph "156" of the Complaint assert a conclusion of law for which no response is required, and respectfully refer the Court to the statutes, constitutional provisions, and cases cited therein for a complete and accurate statement of their contents.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

## AS AND FOR A FIRST DEFENSE

162.    The Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

163.    At all relevant times alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, and made and without malice and/or without willful intent to violate any applicable law, rule, or regulation.

## AS AND FOR A THIRD DEFENSE

164.    Defendants have not willfully violated any of the Plaintiffs' rights under Title VII, New York State Human Rights Law, New York City Human Rights Law, and §1983 of the Civil Rights Act of 1871.

## AS AND FOR A FOURTH DEFENSE

165.    Defendants have not willfully violated any rights, privileges or immunities of the Plaintiffs under the Constitution of laws of the United States, the State of New York, or any political subdivision thereof.

## AS AND FOR A FIFTH DEFENSE

166.    Defendants have not adopted any policy, practice, or custom violative of Plaintiffs' rights.

## AS AND FOR A SIXTH DEFENSE

167.    The individual named defendants are immune from suit under the doctrine of qualified immunity.

## AS AND FOR A SEVENTH DEFENSE

168.    The Complaint is barred, in whole or in part, by the failure to join a necessary party, failure to join an indispensable party, or both.

## AS AND FOR AN EIGHTH DEFENSE

169.    Plaintiffs' request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or governmental subdivision.

## CONCLUSION

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             September 13, 2024

                    **MURIEL GOODE-TRUFANT**
                    Acting Corporation Counsel of the
                     City of New York
                    Attorney for Defendants
                    100 Church Street, Rm. 2-188
                    New York, New York 10007
                    (212) 356-4076
                    scorinth@law.nyc.gov

             By:    */s/ Shemori S. Corinthian*
                     Shemori S. Corinthian
                     Assistant Corporation Counsel

To:     All Parties Via ECF

24-cv-03557(JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COREY BRISKIN and NICHOLAS MAGGIPINTO, on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

CITY OF NEW YORK, ERIC L. ADAMS, individually
and in his official capacity as the Mayor of the City of
New Yok, RENEE CAMPION, individually and in her
official capacity as the Commissioner of the Office of
Labor Relations of the City of New York, BILL
DEBLASIO, AND ROBERT LINN,

Defendants.

## ANSWER

### *MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shemori S. Corinthian*
*Tel: (212) 356-4076*
*Matter #: 2024-050511*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................................. , 2024.*

*........................................................................................ , Esq.*

*Attorney for ...................................................................................*