UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

Corey Briskin and Nicholas Maggipinto, on behalf of themselves and all others similarly situated,

                         Plaintiff(s),                24 CV 3557 (JPO)

      -v-

City of New York, et al.,

                                         <u>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u>

                        Defendant(s).

-----------------------------------------------X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do **not** consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions have **not** taken place.

3. The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 180 days after the Answer.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than September 27, 2024.

6. Fact Discovery

    a. All fact discovery shall be completed no later than 16 months from the Answer
    b. Initial requests for production of documents shall be served by October 1, 2024.
    c. Interrogatories shall be served by 14 months from the Answer.
    d. Depositions shall be completed by 16 months from the Answer.
    e. Requests to admit shall be served by 14 months from the Answer.
    f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7.     Expert Discovery

    a.     All expert discovery, including expert depositions, shall be completed no later than 16 months from the Answer.
    b.     Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before 14 months from the Answer.
    c.     Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before 14 months from the Answer.
    d.     The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices.

9.     All counsel must meet in person to discuss settlement by 180 days before the close of fact discovery.

10.     a.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        Defendants have agreed to provide information and documents on the City of New York's in-vitro fertilization policies and practices, including how they were implemented by insurance carriers and subcontractors of the City of New York and any relevant contracts between the City and insurance carriers and subcontractors.

    b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        Plaintiffs are willing to engage in any of these three options.
        Defendants propose a settlement conference before a magistrate judge.

    c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        Plaintiffs are willing to discuss settlement at any time. Defendants propose that a settlement conference be held before a magistrate judge by 180 days before the close of fact discovery.

    d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. Unless otherwise ordered by the Court, any summary judgment motion shall be filed within sixty (60) days after the close of all discovery. The parties shall submit a Joint Pretrial Order prepared in accordance with Fed. R. Civ. P. 26(a)(3) and the Court's Individual Practices within thirty (30) days after a decision on any summary judgment motion. If no motion for summary judgment is filed, the parties shall file the Joint Pretrial Order within ninety (90) days after the close of discovery. Any motions in limine shall be filed on or before the date on which the Joint Pretrial Order is due. If this action is to be tried before a jury, proposed voir dire, jury instructions, and verdict form shall also be filed on or before the Joint Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Joint Pretrial Order due date.

12. The parties shall be ready for trial on October 1, 2026. [Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date.]

13. This case **is** to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is **one week**.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   Plaintiffs believe that the City should produce data that would help the parties to identify the members of the proposed classes and their potential damages.

Counsel for the Parties:

*/ s / Peter Romer-Friedman*                         */ s / Shemori S. Corinthian*

Peter Romer-Friedman & Patrick David Lopez     Shemori S. Corinthian, Assistant Corporation
Attorneys for the Plaintiffs                                    Counsel

                                                                              Attorney For Defendants

   The next Case Management Conference is scheduled for **September 19, 2024** at 12:00pm.

   This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

Dated: _____