# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

COREY BRISKIN and NICHOLAS MAGGIPINTO, on behalf of themselves and all others similarly situated,

            Plaintiffs,

-against-

CITY OF NEW YORK, ERIC L. ADAMS, *individually and in his official capacity as the Mayor of the City of New York*, RENEE CAMPION, *individually and in her official capacity as the Commissioner of the Office of Labor Relations of the City of New York*, BILL DE BLASIO, and ROBERT LINN,

            Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Case No. 24-cv-03557-JAV

    Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants respond and object to plaintiffs' First Set of Requests for Production of Documents as follows:

## GENERAL STATEMENT

    1. By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

    2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect

to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

4. As discovery is ongoing, Defendants reserve the right to supplement or amend the following responses.

**REQUESTS FOR DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

DOCUMENTS sufficient to show the health insurance benefits or services, including benefits or services related to IVF SERVICES and any other fertility or infertility services, that the CITY OF NEW YORK offered to any employees, their spouses, and other dependents during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "health insurance benefits or services", overly broad in scope and unduly burdensome. Subject to and without waiving the foregoing general and specific objections and construing the request as seeking documents containing information about covered IVF services available to plan participants under health insurance plans offered by the City of New York, from May 2021 to present, Defendants refer Plaintiffs to the documents produced herewith, bearing Bates Stamp Nos. OLR_00001 through OLR_001007, OLR_001591 through 002592, and which contain responsive information.

**DOCUMENT REQUEST NO. 2:**

DOCUMENTS sufficient to show the health insurance benefits or services, including benefits or services related to IVF SERVICES and any other fertility or infertility services, that were available to employees of the CITY OF NEW YORK, their spouses, and other dependents through a third-party offering those benefits pursuant to a HEALTH INSURANCE PLAN or a contract with the CITY OF NEW YORK during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the terms "health insurance benefits or services" and "third-party offering those benefits", overly broad in scope, and unduly burdensome and is duplicative of Document Request No. 1. Subject to and without waiving the foregoing general and specific objections and construing the request as seeking documents containing information about covered health care services, including IVF services, available to plan participants under health insurance plans offered by the City of New York , May 2021 to present, Defendants refer Plaintiffs to the documents produced herewith, bearing Bates Stamp Nos. OLR_00001 through OLR_001007, OLR_001591 through 002592, and which contain responsive information.

**DOCUMENT REQUEST NO. 3:**

To the extent it is not covered in Requests Nos. 1 and 2, DOCUMENTS sufficient to show all IVF SERVICES that were available to employees of the CITY OF NEW YORK, their spouses, and other dependents through a third-party offering those benefits pursuant to a HEALTH INSURANCE PLAN or a contract with the CITY OF NEW YORK during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the phrase "third-party offering those benefits", overly

broad in scope, and unduly burdensome. Subject to and without waiving the foregoing general and specific objections and construing the request as seeking documents containing information about covered IVF services, available to plan participants under health insurance plans offered by the City of New York, Defendants refer Plaintiffs to their responses to Document Request Nos 1 and 2.

**DOCUMENT REQUEST NO. 4:**

To the extent it is not covered in Requests Nos. 1 and 2, DOCUMENTS sufficient to show the policies and/or standards that have been applied by each HEALTH INSURANCE PLAN during the CLASS PERIOD to determine whether employees of the CITY OF NEW YORK, their spouses, and other dependents, are eligible for IVF SERVICES and, if so, which services, and any changes that have been made to those policies and/or standards during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "policies and/or standards", overly broad in scope, and unduly burdensome and not within Defendants' control, custody or possession to the extent Plaintiffs are seeking the policies and standards employed by third parties not named in this action. Subject to and without waiving the foregoing general and specific objections and construing the request as seeking documents containing information regarding the eligibility requirements for enrolled plan participants to receive covered IVF services under health insurance plans offered by the City of New York, May 2021 to present, Defendants refer Plaintiffs to the documents produced herewith, bearing Bates Stamp Nos. OLR_00001 through OLR_001007, OLR_001591 through 002592, which contain responsive information.

**DOCUMENT REQUEST NO. 5:**

To the extent it is not covered in Request No 4., all DOCUMENTS Concerning any changes made to the policies and/or standards that have been applied by each HEALTH INSURANCE PLAN during the CLASS PERIOD to determine whether employees of the CITY OF NEW YORK, their spouses, and other dependents, are eligible for IVF SERVICES.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "policies and/or standards", overly broad in scope, and unduly burdensome and not within defendants' control, custody or possession to the extent Plaintiffs are seeking the policies and standards employed by third parties not named in this action. Subject to and without waiving the foregoing general and specific objections and construing the request as seeking documents containing information regarding any changed eligibility requirements for enrolled plan participants to receive covered IVF services under health insurance plans offered by the City of New York, from May 2021 to present, Defendants refer Plaintiffs to the documents produced herewith, bearing Bates Stamp Nos. OLR_001591 through OLR_002592, which contain responsive information.

**DOCUMENT REQUEST NO. 6:**

To the extent it is not covered in Requests Nos. 1 and 2, DOCUMENTS sufficient to show the definition or standard for "infertile" or "infertility" that any HEALTH INSURANCE PLAN has applied during the CLASS PERIOD to determine eligibility for any IVF SERVICES during the CLASS PERIOD, any changes that have been made to that definition or standard during the CLASS PERIOD.

**OBJECTION S AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this request on the grounds that is vague and ambiguous generally and specifically in its use of the term "standard" and is unduly burdensome and not

within defendants' control, custody or possession to the extent Plaintiffs are seeking the definition or standards employed by third parties not named in this action. Subject to and without waiving the foregoing general and specific objections, Defendants refer Plaintiffs to documents produced herewith, bearing the Bates Stamps Nos. OLR_001591 through OLR_002592, OLR_002856 through, 002860, OLR_000546 through OLR_004649, which contain responsive information about the definition of infertility under health insurance plans offered by the City of New York, from May 2021 through present.

**DOCUMENT REQUEST NO. 7:**

To the extent it is not covered by Request No. 6, all DOCUMENTS Concerning any changes made to the definition or standard for "infertile" or "infertility" that any HEALTH INSURANCE PLAN has applied during the CLASS PERIOD to determine eligibility for any IVF SERVICES during the CLASS PERIOD.

**OBJECTION S AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "standard" and is unduly burdensome and not within Defendants' control, custody or possession to the extent Plaintiffs are seeking the definition or standards employed by third parties not named in this action. Subject to and without waiving the foregoing general and specific objections, Defendants refer Plaintiffs to documents produced herewith, bearing the Bates Stamps Nos. OLR_001591 through OLR_002592, which contain responsive information about any changes made to the definition of infertility under health insurance plans offered by the City of New York from 2021 to present.

**DOCUMENT REQUEST NO. 8:**

ALL contracts between the CITY OF NEW YORK and third parties concerning the health insurance benefits or services offered to employees of the CITY OF NEW YORK

during the CLASS PERIOD, including benefits or services related to IVF SERVICES and any other fertility or infertility services.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the terms "health insurance benefits services offered" and "third parties", overly broad in scope thus seeking information not relevant to the claims in this action and unduly burdensome. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking copies of the City's contractual agreements with its insurance carriers, and their subcontractors, for medical and care management services under the City's health insurance plans, Defendants refer Plaintiffs to documents produced herewith, bearing the Bates Stamps Nos. OLR_002593 through OLR_002855, and OLR_003579 through OLR_003580, which contain responsive information.

**DOCUMENT REQUEST NO. 9:**

All DOCUMENTS and COMMUNICATIONS Concerning Plaintiffs' requests for insurance coverage for IVF SERVICES.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to this request on the grounds that it is overly board in scope, unduly burdensome, and seeks documents or communications already in Plaintiffs' possession, custody, or control or that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking documents or communications Plaintiffs made with any City employee regarding their eligibility for covered IVF services, Defendants state that they are undertaking a search for documents that may be

responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections, within 30 days.

**DOCUMENT REQUEST NO. 10:**

All COMMUNICATIONS Concerning Plaintiffs' allegations in the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this request on the grounds that it is vague and ambiguous overly broad in scope, unduly burdensome, seeks documents already in Plaintiffs' possession, custody, or control or that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking documents or communications by City employees regarding gay male City employee's eligibility for IVF services under the GHI-Comprehensive Benefits Plan and Management Benefits Fund, from May 2021 until present, Defendants state that they are undertaking a search for documents that may be responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections, within 30 days.

**DOCUMENT REQUEST NO. 11:**

All COMMUNICATIONS, including but not limited to, internal COMMUNICATIONS, COMMUNICATIONS with the media, or COMMUNICATIONS with other governmental entities such as the New York City Council, the Equal Employment Opportunity Commission, and the United States Department of Justice, Concerning (1) whether the CITY OF NEW YORK provides insurance coverage to gay male employees seeking IVF SERVICES and what services are provided or not provided; (2) whether the CITY OF NEW YORK provides insurance coverage to heterosexual male employees covered by a HEALTH

INSURANCE PLAN with a spouse who is not covered by a HEALTH INSURANCE PLAN when they seek IVF SERVICES and what services are provided or not provided.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this request on the grounds, overly broad in scope, unduly burdensome, seeks documents already in Plaintiffs' possession, custody, or control or are otherwise publicly available or that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges.  Subject to and without waiving the foregoing general and specific objections, Defendants refer Plaintiffs to documents produced herewith, bearing the Bates Stamps Nos OLR_002866 through OLR_003578 and OLR_002856 through OLR_002860, which contain responsive communications between the City and the Equal Employment Opportunity Commission, Department of Justice, and City Council regarding covered IVF services available for gay male employees, heterosexual male employees, and their non-covered spouses.

**DOCUMENT REQUEST NO. 12:**

All COMMUNICATIONS with third-parties responsible for providing insurance coverage to employees of the CITY OF NEW YORK Concerning (1) whether the CITY OF NEW YORK provides insurance coverage to gay male employees seeking IVF SERVICES and what services are provided or not provided; (2) whether the CITY OF NEW YORK provides insurance coverage to heterosexual male employees covered by a HEALTH INSURANCE PLAN with a spouse who is not covered by a HEALTH INSURANCE PLAN when they seek IVF SERVICES and what services are provided or not provided.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "third parties," overly broad in scope and time,

- 9 -

unduly burdensome, and seeks documents that may be protected by privileges, including but not limited to attorney-client and/or work product privileges, or documents not within Defendants' possession, custody, or control. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking the City's communications with its health insurance carriers who administer and manage covered services offered under the GHI-Comprehensive Benefits Plan and Management Benefits Fund regarding the type of IVF services available for gay male employees, heterosexual male employees, and their non-covered spouses, Defendants state that they are searching for documents that may be responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections, within 30 days.

**DOCUMENT REQUEST NO. 13:**

DOCUMENTS sufficient to show or identify the number of men employed by the City of New York during the CLASS PERIOD who identified as gay or bisexual and/or had a male spouse or partner and were eligible to participate or participated in a HEALTH INSURANCE PLAN of the City of New York.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to this request on the grounds that it seeks personal and sensitive identifying information of non-parties and is unduly burdensome and overly broad in scope. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking documents indicating the number of male City employees who have a male spouse or partner and who are enrolled in the GHI-Comprehensive Benefits Plan and Management Benefits Fund, from May 2021 to the present, Defendants state that they are conducting a search for documents that may be responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections ,within 30 days.

**DOCUMENT REQUEST NO. 14:**

For each person identified in response to Request No. 13, DOCUMENTS sufficient to Identify: (1) the person's name and dates of employment; (2) whether the person had a spouse of the same sex; (3) the HEALTH INSURANCE PLAN in which the person was enrolled or participated and whether his spouse was enrolled as well; and (4) the dates of enrollment or participation in any such HEALTH INSURANCE PLAN.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to this request on the grounds that it is overly broad in scope and time, compound, unduly burdensome, seeks personal and sensitive identifying information of non-parties, and seeks information not relevant to the claims in the action. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking the names of male City employees who have a male spouse or partner and are enrolled in the GHI-Comprehensive Benefits Plan and Management Benefits Fund, from May 2021 to the present, Defendants state that they are refusing to search for documents responsive to this request and will produce information subject to the parties entering into a Protective Order.

**DOCUMENT REQUEST NO. 15:**

DOCUMENTS sufficient to show:

(1) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD, including documents sufficient to identify: (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

(2) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD that were approved, including documents sufficient to identify: (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

(3) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD that were denied, including documents sufficient to show (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

(4) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK during the CLASS PERIOD that were not denied or approved, including documents sufficient to show (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to this request on the grounds that it seeks information that is not proportional to the needs of the case and is unduly burdensome, overly broad in scope, and

seeks personal and sensitive identifying information of non-parties and documents that are not in the custody, control, or possession of the Defendants. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking documents concerning the total number of authorization requests for IVF services from gay male plan participants and their male dependent spouses or partners enrolled in the GHI-Comprehensive Benefits Plan, from 2021 through present and the responses to those authorization requests, Defendants state that they do not maintain documents that are responsive to this request. Upon information and belief, responsive documents to this request are maintained by non-parties to this action.

**DOCUMENT REQUEST NO. 16:**

For all requests for IVF SERVICES made by employees of the CITY OF NEW YORK, their spouses or their dependents identified in Request No. 15, documents sufficient to Identify (1) the employee, spouse, or dependent who made the request and the person's dates of employment (if applicable); (2) the date the request was made; and (3) the HEALTH INSURANCE PLAN to which the request was made.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to this request on the grounds that it seeks information that is not proportional to the needs of the case and is unduly burdensome, overly broad in scope, and seeks personal and sensitive identifying information of non-parties and documents that are not in the custody, control, or possession of the Defendants. Subject to and without waiving the foregoing general and specific objections and construing this request as seeking the names for male plan participants who have male spouses or partners and are enrolled in the GHI-Comprehensive Benefits Plan who made authorization requests for IVF services, from May 2021 through present, Defendants state that they do not maintain documents responsive to this request. Upon

information and belief, responsive documents to request are maintained by non-parties to this action.

**DOCUMENT REQUEST NO. 17:**

DOCUMENTS Concerning any complaint the CITY OF NEW YORK has received regarding IVF SERVICES provided by a HEALTH INSURANCE PLAN.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to this request on the grounds that it is vague and ambiguous generally and specifically in its use of the term "complaint", overbroad with respect to scope and time, unduly burdensome, and incapable of a reasonable response as drafted. Subject to and without waiving foregoing general and specific objections and construing the request as seeking documents regarding complaints made by any City employee to the City of New York concerning the denial of IVF services, from May 2021 through present, Defendants state they do not possess any responsive documents.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS identified in Defendants' Initial Disclosures pursuant to Federal Rule of Civil Procedure 26.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the foregoing general objections, Defendants refer Plaintiffs to documents produced herewith:

- Copies of the Summary Plan Description of the City Health Benefits Program . See Bates Stamps Nos. OLR_001591 through OLR_002592.

- Copies of Plaintiff Corey Briskin's WINfertiltiy Approval Documents. See Bates Stamps Nos. OLR_004650 through 004663.

- Copies of the City's contractual agreements with its insurance carriers, and their subcontractors, for medical and care management services under the City's Health Benefits Program. See Bates Stamps Nos. OLR_002593 through OLR_002855 and OLR_003579-OLR_003580.

Dated:     New York, New York
            December 23, 2024

                 MURIEL GOODE-TRUFANT
                 Corporation Counsel of the
                 City of New York
                 *Attorney for Defendants*
                 100 Church Street, Room 2-188
                 New York, New York 10007
                 (212) 356- 4076
                 scorinth@law.nyc.gov

By:     */s/ Shemori S. Corinthian*
             SHEMORI S. CORINTHIAN
             *Assistant Corporation Counsel*

TO:     PETER ROMER-FRIEDMAN LAW PLLC
         *Attorney for Plaintiffs*
         1629 K Street, NW
         Suite 300
         Washington, DC 20006
         Tel: (202) 355-6364
         Fax: (202) 888-7792
         Email: peter@prf-law.com