# **<u>EXHIBIT D</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

COREY BRISKIN and NICHOLAS MAGGIPINTO, on behalf of themselves and all others similarly situated,

                                Plaintiffs,

            -against-

CITY OF NEW YORK, ERIC L. ADAMS, *individually and in his official capacity as the Mayor of the City of New York*, RENEE CAMPION, *individually and in her official capacity as the Commissioner of the Office of Labor Relations of the City of New York*, BILL DE BLASIO, and ROBERT LINN,

                                Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Index No. 24-cv-03557-JAV

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the United States District Courts for the Southern and Eastern Districts of New York (Southern District Only), Defendants respond and object to Plaintiffs' First Set of Interrogatories as follows:

## **GENERAL STATEMENT**

        1.     By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

4. Defendants reserve their rights to supplement, revise, correct or clarify any of the responses herein up to and including the time of trial.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe what IVF SERVICES gay men employed by the CITY OF NEW YORK or their male partners or husbands could be approved for by each HEALTH INSURANCE PLAN in which they were enrolled during the CLASS PERIOD, including before and after October 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad in scope and unduly burdensome. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3 and accordingly Defendants are withholding information responsive to this interrogatory.

**INTERROGATORY NO. 2:**

Identify when the CITY OF NEW YORK first became aware that gay male employees or their male partners or husbands were being denied IVF SERVICES that were provided to other CITY OF NEW YORK employees or their partners or spouses under any HEALTH INSURANCE PLAN, including how the CITY OF NEW YORK became aware, which CITY OF NEW YORK officials or employees were aware, and when each became aware.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous generally and specifically in the of the phrase "became aware", assumes facts not admitted nor otherwise established, is not limited in scope and thus not capable of reasonable response, is not sufficiently limited in time, seeks information disproportionate to the needs of the case, and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges, and is argumentative. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3 and accordingly Defendants are withholding information responsive to this interrogatory.

**INTERROGATORY NO. 3:**

Identify any actions the CITY OF NEW YORK took in response to becoming aware that gay male employees and/or their male partners or husbands were being denied IVF SERVICES and the CITY OF NEW YORK employees who were responsible for implementing any such actions.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague and ambiguous generally and specifically in its use of the term terms "became aware" and "action", assumes facts not admitted nor otherwise established, is not sufficiently limited in time, and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges, and is argumentative. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3 and accordingly Defendants are withholding information responsive to this interrogatory.

**INTERROGATORY NO. 4:**

To the extent this information is not contained in a document, Identify the number of men employed by the City of New York during the CLASS PERIOD who identified as gay and/or had a male spouse or partner and were eligible to participate or participated in a HEALTH INSURANCE PLAN of the City of New York, and each spouse or partner of such employee.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is not sufficiently limited in scope, seeks information not relevant to the claims in the action, and is unduly burdensome. Subject to and without waiving the general and specific objections, and construing this interrogatory as seeking location of any document identifying the number of male City employees who have a male spouse or partner, enrolled in the GHI-Comprehensive Benefits Plan and Management Benefits Fund, from May 2021 to the present, Defendants state that they are undertaking a search for information that may be responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections, within 30 days.

**INTERROGATORY NO. 5:**

For each person identified in response to Interrogatory No. 4, identify (1) the person's name and dates of employment (if applicable); (2) the HEALTH INSURANCE PLAN in which the person was enrolled or participated; and (3) the dates of enrollment or participation in any such HEALTH INSURANCE PLAN.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No .5 on the grounds that it seeks personal and sensitive identifying information of non-parties and is a misstatement of Interrogatory No. 4 which did not seek the identities of individuals but the number of specific sets of individuals, and is unduly burdensome and overly broad in scope and time, and is disproportionate to the needs of the

4

case, and exceeds the information discoverable under Local Civil Rule 33.3. Subject to and without waiving the foregoing general and specific objections, and construing this interrogatory as seeking names of male City employees who have a male spouse or partner and are enrolled in the GHI-Comprehensive Benefits Plan and Management Benefits Fund, from May 2021 to the present, Defendants state that they are undertaking a search for information that may be responsive to this request and anticipate producing any responsive documents, subject to the foregoing objections and following the parties entering into a Protective Order, within 30 days.

**INTERROGATORY NO. 6:**

To the extent this information is not contained in a document, Identify:

- 1) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD, including documents sufficient to identify: (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

- (2) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD that were approved, including documents sufficient to identify: (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a

- woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

- (3) the number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK or an employee's spouse or dependent during the CLASS PERIOD that were denied, including documents sufficient to show (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex;

- (4) then number of requests for IVF SERVICES made by employees of the CITY OF NEW YORK during the CLASS PERIOD that were not denied or approved, including documents sufficient to show (i) whether the request came from a man or a woman; (ii) whether the request came from a single gay man; (iii) whether the request came from a man in a same-sex relationship or marriage; (iv) whether the request came from a lesbian woman or a woman in a relationship with another woman; and (v) whether the request came from a person in a relationship with a person of a different sex.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it seeks information that is not proportional to the needs of the case and is unduly burdensome, seeks personal and sensitive identifying information of non-parties and information that is not in the custody, control, or possession of the Defendants. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3. Subject to and without waiving the foregoing general and specific

objections, and construing this request as seeking the location of documents identifying the number of approved or denied authorization requests for IVF services from male plan participants and with male dependent spouses or partners enrolled in the GHI-Comprehensive Benefits Plan, from May 2021 through present, Defendants states that they do no maintain documents that are responsive to this request. Upon information and belief, responsive documents to this request are maintained by non-parties to this action.

**INTERROGATORY NO. 7:**

For all requests for IVF SERVICES made by employees of the CITY OF NEW YORK, their spouses or their dependents identified in Interrogatory No. 6, identify (1) the employee, spouse, or dependent who made the request and the person's dates of employment (if applicable); (2) the date the request was made; and (3) the HEALTH INSURANCE PLAN to which the request was made.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this request on the grounds that it seeks information that is not proportional to the needs of the case and is unduly burdensome, overly broad in scope, and seeks personal and sensitive identifying information of non-parties and information/documents that are not in the custody, control, or possession of the Defendants. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3. Subject to and without waiving the foregoing general and specific objections, and construing this interrogatory as seeking the names of all male plan participants with a male spouse or partner enrolled in the GHI-Comprehensive Benefits Plan who made authorization requests for IVF services, from 2021 through present, Defendants state that they do not maintain information responsive to this interrogatory. Upon information and belief, responsive information to this request is maintained by non-parties to this action.

**INTERROGATORY NO. 8:**

Identify all HEALTH INSURANCE PLANS offered by the CITY OF NEW YORK to its Employees during the CLASS PERIOD, including all contractors or subcontractors of such entities.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is unduly burdensome and overly broad in scope and not sufficiently limited in time. Defendants further object as this interrogatory exceeds the scope permitted by Local Rule 33.3. Subject to and without waiving the foregoing general and specific objections, and construing this interrogatory as seeking the names of the health insurance plans and programs offered under the City's Health Benefits Programs and Management Benefits Fund, from May 2021 to present, Defendants refer Plaintiffs to the documents Plaintiffs to documents produced bearing Bates Stamps Nos. OLR_00001 through OLR_001007 and OLR_001591 through OLR_002592, and OLR_000546 through 004649.

**INTERROGATORY NO. 9:**

Identify all CITY OF NEW YORK employees responsible for ensuring that the HEALTH INSURANCE PLANS are approving appropriate requests for IVF SERVICES by employees of the CITY OF NEW YORK, their spouses, and their dependents during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is vague and ambiguous generally and specifically in its use of the phrase "appropriate requests" and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges and assumes facts not admitted or otherwise established. Subject

to and without waiving the foregoing objections, and construing this interrogatory as requesting information regarding whether City employees who have a decision-making role in authorizing IVF services for City employees and their dependents, Defendants state none.

**INTERROGATORY NO. 10:**

Identify all CITY OF NEW YORK employees responsible for deciding which employees of the CITY of NEW YORK, as well as their spouses and dependents, are eligible for IVF SERVICES and under what circumstances such employees will be eligible, during the CLASS PERIOD.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Defendants further object to this interrogatory because it exceeds the scope permitted by Local Law 33.3. Subject to and without waiving the foregoing objections, Defendants state that no City employee is involved in authorizing IVF services for City employees and their dependents.

**INTERROGATORY NO. 11:**

Identify all CITY OF NEW YORK officials or employees and/or agent(s) of the CITY OF NEW YORK or employees of such agent(s) who responded to or who were responsible for responding to, or who contributed to furnishing information used in or relied upon in responding to Plaintiffs' inquiries about whether they could receive IVF SERVICES under a HEALTH INSURANCE PLAN and what IVF SERVICES they could receive, including which officials or employees within the New York City Office of Labor Relations, the New York County District Attorney's Office, and the New York City Law Department.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous, assumes facts not admitted nor otherwise established, calls for speculation, and seeks information already in Plaintiff's custody, possession, and control. Subject to and without waiving the foregoing general and specific objections and construing this interrogatory as seeking the identity of any City employee within the New York City Office of Labor Relations, the New York County District Attorney's Office, or the New York City Law Department who communicated with the named Plaintiffs regarding their eligibility to receive IVF services, Defendants identify Georgette Gestely, Director of the Employee Benefits Program at the New York City Office of Labor Relations.

**INTERROGATORY NO. 12:**

Identify all actions taken to respond to the Plaintiffs' inquiries about IVF SERVICES as described in Interrogatory No. 11.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is vague and ambiguous generally and specifically its use of the term "actions". Defendants further object as this interrogatory seeks information that exceeds the scope of Local Civil Rule 33.3 and accordingly Defendants are withholding information responsive to this interrogatory.

**INTERROGATORY NO. 13:**

Identify any actions taken by the CITY OF NEW YORK to change or modify its policies, practices, or standards Concerning what, if any, IVF SERVICES gay men and their male partners or husbands, and heterosexual men without female partners could receive under any HEALTH INSURANCE PLAN, including when those actions were taken and whether any actions were taken in response to Plaintiffs' inquiries about IVF SERVICES as described in Interrogatory

No. 11 or in response to Plaintiffs' complaint or charge filed with the Equal Employment Opportunity Commission.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is vague ambiguous generally and specifically in its use of the terms "actions" "policies", "practices", and "standards", unduly burdensome, and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Defendants further object to this interrogatory as it seeks information that exceeds the scope of Local Rule 33.3 and accordingly Defendants are withholding information responsive to this interrogatory.

**INTERROGATORY NO. 14:**

Identify all DOCUMENTS consulted in responding to these Interrogatories.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is vague and ambiguous generally and specifically in its use of the term "consulted", overly broad in scope, unduly burdensome, and seeks information that may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Subject to and without waiving the foregoing general objections, Defendants refer Plaintiffs to documents produced bearing Bates Stamps Nos. OLR_00001 through OLR_001007 and OLR_001591 through 002592.

**INTERROGATORY NO. 15:**

Identify all persons, other than Your attorneys, consulted in responding to these Interrogatories.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that it is vague and ambiguous generally and specifically in its use of the term "consulted" and seeks information that

may be protected by a privilege, including, but not limited to, attorney-client and/or work product privileges. Subject to and without waiving the foregoing general objections, Defendants state that no persons, other than Defendants' attorneys, were involved in responding to these interrogatories.

Dated:   New York, New York
         December 23, 2024

                                      MURIEL GOODE-TRUFANT
                                      Acting Corporation Counsel of the
                                       City of New York
                                      *Attorney for Defendants*
                                      100 Church Street, Room 2-188
                                      New York, New York 10007
                                      (212) 356-4076

                            By:   */s/ Shemori S. Corinthian*
                                    Shemori S. Corinthian
                                    *Assistant Corporation Counsel*

TO:   PETER ROMER-FRIEDMAN LAW PLLC
      *Attorneys for Plaintiffs*

      Peter Romer-Friedman
      1629 K Street, NW
      Washington, DC 20006
      Tel: (202) 355-6364
      Fax: (202) 888-7792
      peter@prf-law.com

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
COREY BRISKIN and NICHOLAS MAGGIPINTO,
on behalf of themselves and all others similarly
situated,

                                 Plaintiffs,

-against-

CITY OF NEW YORK, ERIC L. ADAMS, *individually and in his official capacity as the Mayor of the City of New York*, RENEE CAMPION, *individually and in her official capacity as the Commissioner of the Office of Labor Relations of the City of New York*, BILL DE BLASIO, and ROBERT LINN,

                                 Defendants.
------------------------------------------------------------------- x

**VERIFICATION**

Index No. 24-cv-03557-JPO

       The undersigned being duly sworn, states that he is an attorney employed as an Executive Counsel/Agency Chief Contracting Officer within the New York City Office of Labor Relations ("OLR"), that he has read the foregoing responses to Plaintiff's First Set of Interrogatories and that he believes them to be true based on the information known to him and provided to him by former and current employees of OLR, and/or OLR's business records and files.

                                                                 Dean Weltman

Sworn to before me this
23 day of December, 2024

/s/ Elizabeth [signature]
NOTARY

ELIZABETH KRUPA
Notary Public - State of New York
NO. 02KR0026484
Qualified in New York County
My Commission Expires Jul 3, 2028

13