UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
COREY BRISKIN and NICHOLAS          :
MAGGIPINTO, *on behalf of themselves and all*  :
*others similarly situated*,          :    24-CV-03557 (JAV)
          :
        Plaintiffs,     :    MEMORANDUM
          :    OPINION AND ORDER
   -v-          :
          :
CITY OF NEW YORK, *et al.*,          :
          :
        Defendants.    :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Before the Court is a letter motion to compel responses to certain interrogatories and document requests served by Plaintiffs Corey Briskin and Nicholas Maggipinto (collectively, "Plaintiffs") upon the City of New York, Eric L. Adams, individually and in his official capacity as Mayor of the City of New York, Renee Campion, individually and in her official capacity as Commissioner of the Office of Labor Relations of the City of New York ("OLR"), Bill de Blasio, former Mayor of the City of New York, and Robert Linn, former OLR Commissioner (collectively, "Defendants"). *See* ECF No. 26 ("Pls. Mot."). For the reasons that follow, the Motion to Compel is GRANTED in part and DENIED in part.

## BACKGROUND

      Plaintiffs, a gay couple who sought to conceive children, allege that the City's healthcare plans categorically excluded gay male partners from receiving invitro fertilization ("IVF") benefits, while providing IVF benefits to female employees and

their partners, and male employees and their partners. ECF No. 5 ("Compl."), ¶¶ 4-6. Plaintiffs brought this action under the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the New York State and City Human Rights Laws, and the New York Constitution. *Id.*, ¶¶ 23-24. Plaintiffs filed this as a putative class action under Rule 23, on behalf of a proposed class consisting of:

> All gay men who, on or after April 12, 2019, through the date of judgment in this action: (1) were employed by the City of New York; (2) were interested in using in vitro fertilization ("IVF") or in obtaining reimbursement for themselves or their spouses for IVF from a healthcare plan of the City of New York, or sought such benefits or reimbursement for IVF; and (3) were denied access to IVF under such a healthcare plan for themselves or their spouses or were not eligible to access IVF under such a healthcare plan for themselves or their spouses, because they are (or at the relevant time were) gay men in a same-sex relationship or single gay men.

Compl. ¶ 88. Plaintiffs also propose a similar class for spouses of City employees and former employees. *Id.* ¶ 87.

On April 30, 2025, Plaintiffs filed a Letter Motion to Compel Production of Documents and Interrogatory Responses. Plaintiffs' motion raises three discovery disputes. First, they allege that Defendants refuse to provide information about City health plans other than the EmblemHealth Comprehensive Benefits Plan, underwritten by GHI (the "GHI Plan" or the "CBP"), which covers 75% of City employees and was the plan in which the named Plaintiffs were enrolled. *Id.* at 1-3. Plaintiffs argue that Defendants are attempting to "unilaterally rewrite Plaintiffs' class definition to limit the class to City employees who received benefits from a

single insurance plan," the GHI Plan. *Id.* at 1. As such, Plaintiffs seek "documents that would allow them to identify all men with male spouses employed by the City who were eligible to participate in any City health insurance plan during the requisite time frame" and "documents sufficient to identify all requests for coverage for IVF services by persons on any City health insurance plan, the marital status and sexual orientation of the requester, and whether the request was approved or denied." *Id.* at 2.

Defendants argue that the information Plaintiffs are seeking is irrelevant. ECF No. 29 ("Defs. Opp'n") at 2. According to Defendants:

> The plan at issue in this litigation is the Comprehensive Benefits Plan (CBP), which covers approximately 75% of City employees and was the plan under which Plaintiffs were enrolled during Plaintiff Briskin's employment. The CBP is administered by EmblemHealth, with Anthem managing care coordination and WINFertility, a subcontractor of Anthem, handling prior authorizations for infertility services to ensure that such services are medically necessary for a plan participant. EmblemHealth, Anthem, and WINFertility, who are not parties to this action, each establish their own policies based on their interpretation of applicable legal and medical standards. While WINFertility initially required an infertility diagnosis for same-sex male couples seeking IVF, it revised that policy in October 2023. . . Notably, Plaintiffs were never denied IVF coverage—either while WINFertility's policy was in effect or afterward.

*Id.*

With respect to the request for information regarding those who have made requests for IVF coverage, the City avers that it would not possess such records, and that they must be sought directly from the relevant insurance plans. *Id.* Defendants "have already provided the names and addresses of the CBP insurance carriers, enabling Plaintiffs to subpoena third parties that may maintain records of

3

any IVF coverage denials involving same-sex couples, including the identities of those denied and the reasons for the denials." Defs. Opp'n at 2.  Following the filing of the motion to compel, Defendants have also agreed to provide Plaintiffs the names of insurance carriers for non-CBP plans.  *Id.*; *see also* ECF No. 30 ("Joint Let.").

With respect to Plaintiffs' request for documents sufficient to allow them to identify potential class members who were eligible to participate in City health insurance plan, the parties agree that Defendants have produced this data for the CBP, the specific plan in which Plaintiffs were enrolled, "but have refused to produce the same information for any other plan." Pl. Mot. at 2.  Plaintiffs argue that this information is necessary for them to identify all potential members of their proposed class, and that Defendants seek to improperly restrict and rewrite Plaintiffs' class definition.  Defendants argue that they should not be compelled to provide this information because employees not enrolled in Plaintiffs' plan "could not have been impacted by WINFertility's temporary IVF policy because they are not enrolled in the CBP and thus were never subject to that policy." Defs. Opp. at 2.

Lastly, Plaintiffs contend that Defendants have not adequately responded to four of their Interrogatories and have declined to offer a "more practical method" of doing so. *Id.* at 4.  Those Interrogatories request information regarding:

> (1) When the City first became aware that gay men were being denied access to IVF benefits (Pls. Mot, Ex. D at Interrogatory No. 2);
> (2) Any actions the City took in response to this problem once it became aware of it (*id.* at Interrogatory No. 3);

4

(3) Any investigation that the City performed to respond to Plaintiffs' inquiry as to whether they would be eligible for IVF Benefits (*id.* at Interrogatory No. 12); and

(4) Any actions that the City took to change or modify its practices with respect to gay employees' access to IVF services (*id.* at Interrogatory No. 13).

Defendants have objected to each of these as impermissible under S.D.N.Y. Local Civil Rule 33.3(a). Defs. Opp'n at 3. Defendants assert that a more "appropriate and efficient alternative [to interrogatories]" would be for Plaintiffs to obtain information regarding "the actions taken by the City and its employees in response to claims of discrimination against same-sex couples" through a Rule 30(b)(6) deposition of a City-designated witness. *Id.*

## DISCUSSION

"Federal district courts have broad discretion in deciding motions to compel." *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 31 F.R.D. 85, 87 (S.D.N.Y. 2016). Indeed, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012).

As discussed in the parties' joint letter filed on May 12, 2025, Defendants have agreed to provide Plaintiffs with the contact information for the additional non-CBP insurance plans, at which time they intend to serve subpoenas to upon those third parties. Joint Let. Plaintiffs should therefore be able to obtain documents from those third parties sufficient to identify the individuals who requested coverage for IVF, and whether such requests were approved or denied. Accordingly, the discovery dispute regarding the City's response to Document

Request Number 15 has become moot. *Fin. Guar. Ins.*, 31 F.R.D. at 87 ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

The Court now turns to the first of the two live discovery disputes, which involves Plaintiffs' request for documents that would allow them to identify all men with male spouses employed by the City who were eligible to participate in any City health insurance plan during the requisite time frame. Pls. Mot. at 2.

Considering Defendants have already provided Plaintiffs with the names of the same-sex male employees and their spouses enrolled under the CPB, a plan which Defendants concede covers the "*vast majority* of the City's workforce," Def. Opp. at 2-3 (emphasis added), the Court is unpersuaded that providing this information would be unduly burdensome. Plaintiffs seek to certify a class of "all City employees and their spouses that were denied access to IVF services," and the Court agrees that Plaintiffs "are entitled to take discovery that would be necessary to move to certify." *See Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery . . . to determine whether the prerequisites of Rule 23 are satisfied." (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d. Cir. 1982))). Moreover, Plaintiffs are entitled to obtain discovery to determine whether employees who participated in plans other than the CBP were denied coverage for IVF treatments. Just because those employees were not subject to WINFertility's

IVF policy does not mean that they could not have been denied coverage by another health insurance plan.

The Court now turns to the second live discovery dispute regarding Plaintiffs' interrogatories. Local Civil Rule 33.3(a) provides that "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted" to those seeking identifying information regarding potential witnesses, document custodians, and calculation of damages. "This Rule reflects a preference for other forms of discovery, such as depositions and document requests." *CG3 Media, LLC v. Belleau Tech.*, No. 1-21-cv-04607 (MKV), 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.")). "Nonetheless, Local Rule 33.3(b) permits interrogatories beyond what is provided in Rule 33.3(a) if 'they are a more practical method of obtaining the information sought than a request for production or a deposition.'" *Id.*

The four challenged interrogatories plainly exceed the bounds of what is permitted under Local Rule 33.3(a), and Plaintiffs do not argue otherwise. Plaintiffs instead contend that they are entitled to responses to these interrogatories because Defendants have refused to identify a more practical means of providing the requested discovery. *Id.* As the proponents of the Interrogatories, however, it is incumbent upon the Plaintiffs to demonstrate that the exception to Local Rule 33.3's prohibition on narrative Interrogatories applies.

In any event, Defendants have, in fact, identified a "more practical means" to provide this information to Plaintiffs: a Rule 30(b)(6) deposition of a City-designated witness. Defs. Opp'n at 3. Plaintiffs argue that such a deposition would not be more practical, because the challenged interrogatories are "simple" and do not require "long narrative answers." Pls. Mot. at 4. The Court is not persuaded. Taking Interrogatory No. 3 as an example, it is difficult for the Court to envision a meaningful, non-narrative response.

The Court agrees with Defendants' assessment of the interrogatories and their suggested approach. As such, the Court finds that "depositions are [a] far more practical and efficient" method of obtaining the information it seeks from the four contested interrogatories. *Antolini v. McCloskey*, No. 1:19-cv-09038 (GBD) (SDA), 2020 WL 5089443, at *1 (S.D.N.Y. Aug. 28, 2020); *see also Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 1080775, at *3 (S.D.N.Y. Mar. 7, 2020) (finding a Rule 30(b)(6) deposition to be a "more efficient means of obtaining relevant information").

## CONCLUSION

Accordingly, Plaintiffs' Motion to Compel Discovery is GRANTED in part and DENIED in part. Defendants shall provide to Plaintiffs documents sufficient to identify all men employed by the City during the requisite time frame with male spouses or partners who were eligible to participate in any City health insurance

plan, to the extent this information has not previously been produced, by June 27, 2025. The Clerk of Court is directed to terminate ECF No. 26.

SO ORDERED.

Dated: May 27, 2025  
      New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge