# EXHIBIT A



David Berman &lt;berman@prf-law.com&gt;

# Briskin/City ESI

**David Berman** &lt;berman@prf-law.com&gt;                                                Wed, Dec 10, 2025 at 2:08 PM
To: "Corinthian, Shemori" &lt;scorinth@law.nyc.gov&gt;
Cc: Peter Romer-Friedman &lt;peter@prf-law.com&gt;, Christine Dinan &lt;christine@prf-law.com&gt;

Hi Shemori,

Thank you for the information you provided on December 1 regarding the agencies where the 1,324 potential City employee class members have been employed. As we discussed, our basis for seeking that information was to determine the most appropriately tailored ESI. In light of the data you've shared, we would respectfully request that the City search for responsive documents at the top 10 agencies (listed below) but limit those searches to any complaints, requests, or inquiries regarding IVF by gay men and/or same-sex couples and any response by the agency to such complaints, requests, or inquiries. That information was requested in RPD Nos. 16 and 17, among others. We think this could be done with a very targeted search of the appropriate custodians in HR and legal for those agencies that would likely possess communications related to complaints or inquiries about insurance coverage. These 10 agencies account for 889 of the 1,324 employees the City had identified on the spreadsheet and covers every agency with 34 or more employees listed.

This does not need to be a full-fledged search for anything related to this issue at the agencies, as we are doing with the other agencies. We are simply looking for complaints, requests, and inquiries, which relate to the City's notice and awareness of this issue and how it responded. This is relevant both to liability and the scope of damages.

We would appreciate if you can let us know by tomorrow or Friday morning at the latest whether you are willing to run these searches, subject to the parties agreeing on the specific custodians and search terms. Given that we already have a conference with the Court next week, we would like to make the Court aware that there is an additional pending dispute (if there is one).

Finally, please let us know when you intend to begin your ESI production and by when you anticipate completing the production in light of the deadlines set forth by the Court at our prior conference.


Best,

David


**LIST OF AGENCIES**

- Police Department (235 employees)

- Department of Education (194 employees including admin, per diem teachers, per session teacher, and teachers' retirement system).

- Fire Department (84 employees)

- Department of Health/Mental Hygiene (82 employees)

- HRA/Department of Social Services (76 employees)

- Department of Transportation (52 employees)

- Department of Parks & Recreation (46 employees)

- NYC Housing Authority (45 employees)

- Department of Sanitation (41 employees)

- Admin for Children's Services (34 employees)



David Berman <berman@prf-law.com>

# Briskin/City ESI

**Corinthian, Shemori** <scorinth@law.nyc.gov>  
To: David Berman <berman@prf-law.com>  
Cc: Peter Romer-Friedman <peter@prf-law.com>, Christine Dinan <christine@prf-law.com>

Wed, Dec 10, 2025 at 7:01 PM

Hi David:

I am not inclined to run these additional searches at this time. When you state that "this does not need to be a full-fledged search … we are simply looking for complaints, requests, and inquiries relating to the City's notice and awareness of this issue and how it responded," it appears that such an inquiry would necessarily require searching by the individuals' names. I do not believe there is a reasonable basis to expand the parameters here, particularly where there is no indication that anyone other than the named Plaintiffs contacted internal HR personnel regarding IVF eligibility. While the list identifies approximately 1,200 individuals who are male and in same-sex relationships, I have no information suggesting that a significant portion of them ever sought IVF benefits. All that being said, I am willing to revisit this issue if there are any further developments. I outlined production efforts in my response to Plaintiff's motion to compel. I anticipate making the DANY production first, then the other agencies, and am trying my best to get it out as soon as possible.

Thanks!

**Shemori S. Corinthian**

Senior Counsel **I** New York City Law Department

Labor and Employment Law Division

[100 Church Street, Rm 2](#)-172 **I** New York, New York 10007

Office: (212) 356-4076

Cellphone: (917) 882-3617

[Email:scorinth@law.nyc.gov](#)

---

**From:** David Berman <berman@prf-law.com>  
**Sent:** Wednesday, December 10, 2025 2:09 PM  
**To:** Corinthian, Shemori <scorinth@law.nyc.gov>  
**Cc:** Peter Romer-Friedman <peter@prf-law.com>; Christine Dinan <christine@prf-law.com>  
**Subject:** [EXTERNAL] Briskin/City ESI

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

[Quoted text hidden]



David Berman <berman@prf-law.com>

## Briskin/City ESI

**David Berman** <berman@prf-law.com>                                   Wed, Dec 10, 2025 at 9:15 PM
To: "Corinthian, Shemori" <scorinth@law.nyc.gov>
Cc: Peter Romer-Friedman <peter@prf-law.com>, Christine Dinan <christine@prf-law.com>

Hi Shemori,

There are clearly ways to search for complaints, requests, or inquiries about IVF by City employees other than searching their specific names, especially if the custodians are limited to the types of people who would receive such complaints, requests, or inquiries. Even so, using their specific names would make the search even less burdensome as you could simply run their names in a search with the relevant custodian that would receive any complaint, request, or inquiry. The fact that you have no awareness of any such complaints at this time makes no difference—our complaint clearly alleges that this was a City-wide issue and the whole point of the searches is to identify when the City was put on notice of the issue and how it was handled. If Mr. Briskin is the only employee who ever encountered this issue then so be it, but we are entitled to searches that would identify complaints or inquiries that would have put the City and the Individual Defendants on notice and reflect the City's handling of this policy on a class-wide basis. The Court has already ruled in our previous motion to compel that we get to define our own class and are entitled to discovery on the class that we pled. That you are not currently aware of any additional inquiries (without having done any searches) has no bearing on your class discovery obligations.

You have also raised your position at many points that this dispute is really about the claims handling by the insurance companies. While the insurance companies are agents of the City under the relevant law, it has also always been our position that many gay men did not specifically apply for IVF benefits at the various health insurance plans because gay men were not eligible for them. Another purpose of our request is to identify whether these employees contacted the City and were told they would not be covered before they reached the point of engaging with the insurance providers.

Given that the schedule is fast elapsing and the City has not made any ESI production yet, we may need to move to compel this information that we requested more than a year ago in our first set of document requests. I am available to meet and confer tomorrow or Friday morning if you are available to discuss further.  Otherwise, we will interpret your email below as the City refusing to even search for responsive documents to request Nos. 16 and 17 beyond OLR, the Mayor's office, and the DA's office and will raise the issue with the Court before our conference on Tuesday,

Best,

David

[Quoted text hidden]