UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

COREY BRISKIN and NICHOLAS MAGGIPINTO, on
behalf of themselves and all others similarly situated,

                                           Plaintiffs,

                -against-

CITY OF NEW YORK, ERIC L. ADAMS, *individually
and in his official capacity as the Mayor of the City of   New
York*, RENEE CAMPION, *individually and in her official
capacity as the Commissioner of the Office of Labor
Relations of the City of New York*, BILL DE BLASIO, and
ROBERT LINN,

                                    Defendants.

-----------------------------------------------------------------------X

**STIPULATED
RULE 502(d) ORDER**


Docket No. 1:24-cv-03557-JAV

## Stipulated Order Implementing Federal Rule of Evidence 502(d)

***No Waiver by Disclosure.***

1.      If, in connection with this litigation, a producing party discloses information subject

to a claim of attorney-client privilege, attorney work product protection, or any other applicable

privilege or protection, whether inadvertently or otherwise ("Protected Information"), such

disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or

protection with respect to the Protected Information and its subject matter, except as otherwise

provided in this order. This Order shall be interpreted to provide the maximum protection allowed

by Federal Rule of Evidence 502(d) and shall specifically preclude the application of FRE 502(b)

to any clawback demand and/or Protected Information, as defined herein, except as contemplated

in paragraph 3 below.  This Order shall apply to all information disclosed in this action, including

any information disclosed prior to the entry of the Order.

***Notification Requirements***

2.      If a party discovers that it disclosed Protected Information, the producing party must promptly notify the party that previously received the Protected Information ("Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and demand its return or destruction. The Producing Party must identify the Protected Information subject to this demand by Bates number or, if unavailable, sufficient information to identify the Protected Information, and provide the specific basis for the claim of privilege or protection.

3.      If a Producing Party uses Protected Information in this action, any subsequent clawback and/or non-waiver disputes concerning such Protected Information shall be governed by the normal provisions of 502(b). If a Receiving Party uses Protected Information in this action, the Producing Party shall have ten (10) business days to make a clawback demand as described in paragraph 2,  and if the Producing Party fails to make a clawback demand within that time period, any subsequent clawback and/or non-waiver disputes concerning such Protected Information shall be governed by the normal provisions of 502(b).  For the purposes of this paragraph, "use" shall mean submitting the document as an exhibit at a deposition or hearing, or to an expert report or court filing.

***Best Efforts of Receiving Party***

4.      Upon such notification, the Receiving Party must (a) not introduce the Protected Information into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action, (b) promptly notify the Producing party that it will make best efforts to identify and locate the Protected Information and any disseminated copies, (c) destroy, delete, or return any copies of the Protected Information and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents)

generated based upon such Protected Information, and (d) within 10 (ten) business days, provide a certification that it has complied with these requirements and inform the Producing Party whether all copies of the Protected Information were located, destroyed, deleted, or returned. Thereafter, within five (5) business days the Producing Party must provide a privilege log with respect to the Protected Information.

***Contesting Claims of Privilege or Protection***

5.      If the Receiving Party disputes the Producing Party's assertion that a document or information produced is Protected Information, the Receiving Party may move the Court for an Order compelling production of the disclosed Protected Information. The motion must be filed within twenty one (21) days of whenever the parties have reached an impasse on the issue and must be filed with Court approval under seal. Such a motion cannot assert the facts or circumstances of the disclosure as a ground for determining that the material does not constitute Protected Information, except where Rule 502(b) governs as set forth in Paragraph 3. Pending resolution of the motion, the Receiving Party must not use the challenged information (other than what is provided by the Producing Party on a privilege log) in any way or disclose it to any person, except the Producing Party shall submit a copy of the challenged information or document to the Court for *in camera* review if the Receiving Party requests that the challenged information or document be submitted to the Court.  The Producing Party retains the burden of establishing the privileged or protected nature of any challenged information.

***Voluntary and Subject Matter Waiver***

6.      Nothing in this Order limits the application or modifies the provisions of Federal Rule of Evidence 502(a). Any intentional disclosure or reliance on Protected Information to support a claim or defense is governed by Rule 502(a).

3

***Other Clawback and Confidentiality Obligations***

7.      This Order does not affect or rescind any other Order governing protection of confidential information to which the parties have otherwise agreed. To the extent that there is any difference between this Order and the Protective Order in this action with respect to Rule 502, the terms of this Order shall govern among the parties to this litigation. To the extent that there are issues implicated by Rule 502 in any production by a non-party to this litigation, the Protective Order signed by that third-party shall govern.

***Severability***

8.      The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

***Jurisdiction***

9.      This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[Signature page to follow]

**STIPULATED TO:**

Peter Romer-Friedman
1629 K Street NW, Suite 300
Washington, DC 20006
peter@prf-law.com

David Berman
16 Court St, Fl. 33
Brooklyn, NY
berman@prf-law.com

**STEVEN BANKS**
Corporation Counsel of the City of New York
100 Church Street, Room 2-104
New York, NY 10007
zellis@law.nyc.gov

*Attorneys for Plaintiff*
By:    /s/
       Peter Romer-Friedman

*Attorney for Defendants*
By:    /s/ Zachary Ellis
       Zachary Ellis
       Assistant Corporation Counsel

**SO ORDERED:**

Dated: April _____, 2026
     New York, New York

_____
Hon. Jeannette A. Vargas
United States District Judge

5