

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ZACHARY T. ELLIS**
*Assistant Corporation Counsel*
Labor and Employment Law Division
(212) 356-0839
zellis@law.nyc.gov

April 2, 2026

<u>**Via CM/ECF**</u>

Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007

Re:    *Briskin*, et al. *v. City of New York*, et al.
Case No. 24-cv-03557-JAV

Dear Judge Vargas:

I submit this letter on behalf of Defendants in opposition to Plaintiff Corey Briskin and Nicholas Maggipinto's (collectively, "Plaintiffs") Motion for Sanctions, dated March 18, 2026. *See* ECF No. 65. In the motion, Plaintiffs seek an order: (1) precluding Defendants from using any documents produced after January 31, 2026, that are responsive to Plaintiffs' First Set of Requests for Production in support of any asserted defense; (2) directing that Defendants answer Interrogatories Nos. 1, 2, 3, 12, and 13 from Plaintiffs' First Set of Interrogatories; and (3) directing that Defendants pay Plaintiffs' attorneys' fees and costs incurred as a result of Defendants' alleged violations of this Court's orders. As demonstrated more fully below, there is no basis, in law or in fact, for any of the relief sought by Plaintiffs because Plaintiffs have not complied with the Court's meet-and-confer requirements, because Defendants have substantially complied with all relevant Court orders, and because Plaintiffs' motion is pre-mature.[1]

---

[1]    Defendants respectfully request a one-day extension of time, *nunc pro tunc*, from April 1, 2026, to today, April 2, 2026, to respond to Plaintiffs' Motion for Sanctions. I apologize for the one-day delay in submitting this letter to the Court, which delay was attributable to my being consumed with other e-discovery-related matters in this case and the resolution of issues with Defendants' third e-discovery production, which issues were resolved, and the production made, earlier today.

I.      **Procedural History**

In mid-February 2026, prior counsel for Defendants, Shemori Corinthian, unexpectedly went on leave from this Office, and this matter was re-assigned to me. Plaintiffs' counsel, David Berman, first contacted me on February 24, 2026.  I entered a notice of appearance on February 25, 2026, at which time Plaintiffs' other counsel of record, Peter Romer-Friedman, contacted me, stating: "Please let us know a good time that works for you to connect, including to address the issues the issued [sic] that David Berman tried to raise with Shemori [Corinthian] earlier this week."  I responded to Attorney Romer-Friedman's e-mail the next day, on February 26, 2026, stating that: "I was just assigned to this matter and am still getting caught up to speed. I will follow up with you to schedule a time for a phone call to discuss this matter further with you."

Mr. Romer-Friedman e-mailed me the next day, on Friday afternoon, February 27, 2026, to add an additional item to the agenda for the anticipated meet and confer.  I was out of the state visiting my grandmother on Monday, March 2, 2026, and Tuesday, March 3, 2026.  Before I could e-mail Plaintiffs' counsel to schedule the meet and confer, Plaintiffs' counsel, without any further notice or warning, filed a Motion to Compel on Wednesday, March 4, 2026.

The parties then held an hour-long meet and confer on the afternoon of March 6, 2026, at which were present Plaintiffs' counsel, myself, and four members of this Office's e-discovery team, and at which time the parties made substantial progress on the issues raised by Plaintiffs. During the parties' meet and confer, Defendants provided information about the continuous active learning ("CAL") workflow utilized during their review, including the process for validating the review.  The parties discussed the metrics Plaintiffs requested and the usefulness of those metrics in evaluating the review process.  Defendants agreed to disclose the recall rate associated with the review following validation of the CAL process.  Defendants also agreed to follow up in writing about certain requested metrics that Defendants do not believe should be disclosed, including the reasons why those metrics would not be relevant or useful in validating the CAL review. (Defendants followed up with Plaintiffs' counsel in writing on March 18, 2026.)  Defendants also described to Plaintiffs' counsel the review done to date and clarified that their review work began in the fall of 2025.

The parties appeared before the Court for a discovery hearing on March 19, 2026, at which time Defendants provided a comprehensive presentation and update as to the status of e-discovery. Defendants explained to the Court that, in order to facilitate the review and production of electronically stored information, they had retained a ten-person managed review team, at an estimated cost of $55,000.00, to assist with the remaining review work.

One day before that hearing, Plaintiffs filed the instant Motion for Sanctions.  *See* ECF No. 65.  At the March 19 hearing, the Court granted, in part, and denied, in part, Plaintiffs' Motion to Compel.  The Court also directed the parties to meet and confer over Plaintiffs' Motion for Sanctions and encouraged Plaintiffs to consider whether to withdraw their motion, in whole or in part.  However, less than two hours after the hearing ended, Mr. Romer-Friedman e-mailed me to inform me, in pertinent part, that:

2

While we look forward to working with you collaboratively in the future, in our view, nothing that has happened since we filed the sanctions motion has rendered the motion moot, and the relief we are seeking for past violations in the motion is necessary to address the consequences of those violations. As I mentioned yesterday, if the Defendants are willing to agree to the relief sought in the motion, please let me know.  Moreover, we are willing to discuss an appropriate briefing schedule on that motion.

Of course, Defendants do not consent to themselves being sanctioned.  To date, the parties have not had any further substantive discussions concerning Plaintiffs' Motion for Sanctions or any of the relief sought therein.

## II.    Legal Standard

"Federal Rule of Civil Procedure 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012).  Rule 37(b)(2)(A) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which may include various enumerated sanctions.  Fed. R. Civ. P. 37(b)(2)(A).

The Second Circuit has articulated four factors to guide a district court's consideration of Rule 37 sanctions: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration, citation, and internal quotation marks omitted).  "[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."  *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997).

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 Civ. 1896, 2015 WL 7430806, 2015 U.S. Dist. LEXIS 157304, at *6 (S.D.N.Y. Nov. 20, 2015) (quoting *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK), 2013 WL 1176061, 2013 U.S. Dist. LEXIS 40502, at *94 (S.D.N.Y. Mar. 21, 2013)).  "Rule 37 permits the imposition of 'just' sanctions; the severity of the sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007).

The Second Circuit has "expressed a preference for resolving disputes on the merits rather than by default"; it has, therefore, cautioned district courts that Rule 37 sanctions are limited to "'extreme circumstances," where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault.'" *Robertson v. Dowbenko*, 443 F. App'x 659, 660 (2d Cir. 2011) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)).

As demonstrated more fully below, Plaintiffs fall far short of satisfying the standards for the imposition of sanctions by this Court.

### III.     Plaintiffs' Motion for Sanctions Should Be Denied

Defendants have made three rolling productions of e-discovery in this matter.  On March 6, 2026, Defendants produced forty-nine documents from custodians with the New York County District Attorney's Office ("DANY").  On March 27, 2026, Defendants produced 431 documents from custodians with the Office of the Mayor ("OTM").  Finally, earlier today, Defendants produced 1,553 documents from custodians with the New York City Office of Labor Relations ("OLR").

Defendants are also diligently working to ensure timely completion of review and production for the remaining electronically stored information.  On March 20, 2026, Defendants sought, on consent, an extension of time, until and including April 21, 2026, within which to produce all relevant and non-privileged e-discovery in this matter, *see* ECF No. 69, which motion the Court granted on March 23, 2026, *see* ECF No. 70.  In addition, after much back and forth, the parties agreed to a Rule 502(d) order, and Defendants submitted the same to the Court for its consideration on March 31, 2026.  *See* ECF No. 71.

Given the aforementioned steps that Defendants have taken, the Court should deny Plaintiffs' Motion to Compel for failure to comply with the Court's meet-and-confer requirements. In any event, there is no basis, in law or in fact, for any of the extraordinary relief sought by Plaintiffs in their Motion for Sanctions, including seeking to preclude Defendants from relying on their own document production for defensive purposes, which sanction would be tantamount to a default judgment.

There have been no willful violations of Court orders by Defendants in this matter.  While the Court ordered Defendants to produce, on a rolling basis, the responsive and non-privileged documents collected from DANY, OTM, and OLR custodians, it has extended the deadline for Defendants to complete their e-discovery production until and including April 21, 2026.  That deadline is not for another three weeks, making Defendants' request for sanctions pre-mature. Furthermore, Defendants have been working since the fall of 2025 to execute a complex e-discovery protocol involving custodians at three different agencies and that, for just two of those agencies—namely, OTM and OLR—initially resulted in 78,000 hits plus families on collection terms in Relativity.  Although Defendants have encountered a myriad of obstacles along the way, they have, to date, made three rolling productions and are on track to complete their e-discovery production in this matter by the April 21, 2026, deadline.

Furthermore, to the extent that Plaintiffs move to compel Defendants to answer Plaintiffs' Interrogatories Nos. 1, 2, 3, 12, and 13, such relief should be denied because, as noted above, Plaintiffs did not meet and confer with Defendants, prior to filing their Motions for Sanctions, to discuss those five interrogatories.  In fact, Defendants responded to all five of those interrogatories, as well as to all other interrogatories in Plaintiffs' First Set of Interrogatories.  *See* ECF No. 67-7. Although Defendants' responses to those five interrogatories consisted of objections, such objections were fully justified and Defendants stand behind them.  Regardless, Plaintiffs should

have, but did not, meet and confer with Defendants regarding any alleged deficiencies in their responses to Plaintiffs' First Set of Interrogatories before Plaintiffs filed the instant Motion for Sanctions.

Accordingly, Plaintiffs' Motion for Sanctions is pre-mature and should be denied in its entirety.

Respectfully submitted,

/s/
ZACHARY T. ELLIS
Assistant Corporation Counsel

cc:    All counsel of record (via CM/ECF)