

April 3, 2026

The Honorable Jeannette A. Vargas
United States District Judge
500 Pearl Street
New York, NY 10007

Re:    *Briskin v. City of New York et al.*, No. 24 Civ. 03557-JAV

Dear Judge Vargas:

We represent the Plaintiffs in the above-captioned putative class action against the City of New York and other Defendants that challenges the denial of in-vitro fertilization benefits to gay male employees and spouses under federal, state, and local law and federal and state constitutions.

We write to respectfully request an extension of three business days, *i.e.*, to April 15, 2026, to file Plaintiffs' reply brief in support of Plaintiffs' Motion for Sanctions, ECF Nos. 65-67. As described below, there is good cause for this brief extension request, because the two principal lawyers for the Plaintiffs have significant filing deadlines in other cases, a planned vacation, and substantial travel for a speaking engagement at a law school during the 7-day period to file the reply brief. In addition, to avoid burdening the Court with a separate motion to strike Defendants' untimely filing of their opposition to the sanctions motion, Plaintiffs request the Court's permission to respond in their reply brief on the sanctions motion to Defendants' request for an extension of time *nunc pro tunc* for their untimely opposition brief.

## BACKGROUND

Plaintiffs filed their sanctions motion on March 18, 2026, seeking sanctions over the Defendants' violations of this Court's October 27, 2025, and February 2, 2026, orders to produce documents that had been requested in October 2024. ECF No. 65-57. Plaintiffs filed the sanctions motion after this Court "encourage[d] plaintiff[s] to consider whether [sanctions] would be appropriate for violations of [the Court's] order and what sanctions may be appropriate in this case." Feb. 2, 2026 Tr. at 17:11-17:14, ECF No. 67-4; *see also id.* at 21:17-21:19 (stating that "I will entertain sanctions motions if plaintiffs are inclined to bring").

On March 19, 2026, a day after Plaintiffs filed the sanctions motion, Plaintiffs' counsel wrote to Defendants' counsel that "we are willing to discuss an appropriate briefing schedule on [the sanctions] motion." But Defendants' counsel never responded to that email, nor to Plaintiffs' counsel's suggestion that the parties discuss a briefing schedule for the sanctions motion. Under the Local Rules of the Southern District of New York, Defendants' response to the sanctions motion was due on April 1, 2026, 14 days after the motion was served. SDNY L.R. 6.1(b). But Defendants did not file an opposition on April 1, 2026. In fact, Defendants missed the deadline for filing their opposition without ever asking the Court for an extension or seeking Plaintiffs' consent to one.



At 10:43 am on April 2, 2026, the morning after Defendants missed their deadline, Plaintiffs' counsel wrote to Defendants' counsel, stating "The deadline for the Defendants to respond to the sanctions motion was yesterday. Please let us know if you intend to file a response." Defendants' counsel responded at 3:32 pm, stating (in full), "Yes, we intend to file a response in opposition by the end of the day today." Eight minutes later, Plaintiffs' counsel stated, "if you plan to seek an extension, can you please let us know the basis for that extension request?" Defendants' counsel, however, did not respond. Then, at 10:12 pm on April 2, Plaintiffs' counsel again asked Defendants counsel, "Please kindly respond to my email below and let us know the basis for an extension request." At 11:17 pm, about 40 minutes before Defendants filed their opposition to the sanctions motion, Defendants' counsel emailed Plaintiffs' counsel, stating (in full), "Defendants intend to seek, within their opposition letter, a one-day, nunc pro tunc, extension of time to file that letter. The one-day extension request is attributable to my being consumed with other e-discovery-related matters in this case and the resolution of issues with Defendants' third e-discovery rolling production, which you will have very shortly." Defendants' counsel, however, did not ask Plaintiffs to consent to that request.

At 11:54 pm on April 2, Defendants filed their opposition brief, ECF No. 72, and then six minutes later—at this point two days after their deadline—re-filed the opposition brief, ECF No. 73, but this time with a footnote requesting a one-day extension and describing the same basis for the request that Defendants' counsel had provided Plaintiffs at 11:17 pm. *Id.* at 1 n.1 (stating that the "delay was attributable to my being consumed with other e-discovery-related matters in this case and the resolution of issues with Defendants' third e-discovery production, which issues were resolved, and the production made, earlier today."). Notably, the production that Mr. Ellis charitably described himself as making "earlier today" was, in fact, made at 11:53 pm, *one minute* before he filed the opposition brief.

The Court's electronic filing on the corrected opposition brief (ECF No. 73) stated that it was "entered by Ellis, Zachary on 04/03/2026 at 0:00 AM EDT," and Plaintiffs' counsel was served with the opposition on April 3, 2026. *Id.* Defendants' extension request, made in a footnote of a "letter," *id.* at 1 & n.1, did not contain all the information required by Rule 3(E) of this Court's Individual Rules (such as "whether the adversary consents, and if not, the reasons given by the adversary for refusal to consent"), or offer any basis for a finding "excusable neglect" under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the only possible basis for extending a deadline that has already passed.

At 12:33 am on April 3, 2026, Plaintiffs' counsel wrote to Defendants' counsel to request that Defendants consent to an extension for Plaintiffs to file their reply brief from April 10 to April 15, and then at 10:27 am on April 3 to request that Defendants consent to allowing Plaintiffs to address Defendants' post-deadline extension request in Plaintiffs' reply brief. Given the significant professional obligations of Plaintiffs' counsel during the next seven days, Plaintiffs' counsel asked that Defendants' counsel respond to those requests by 1:00 pm ET on April 3, so that Plaintiffs could file their extension request the same day. Plaintiffs' counsel also called Mr. Ellis's phone number at 2:01 pm, but he did not answer or call back. As of the time of this filing, Defendants' counsel still have not responded to Plaintiffs' requests for Defendants' positions on this motion.



## ARGUMENT

First, the Court should grant Plaintiffs' request to extend Plaintiffs' deadline to file a reply to Defendants' opposition to the sanctions motion by three business days to April 15, 2026. During the 7-day period between Defendants serving their opposition brief and extension request on April 3, 2026, and the 7-day deadline to reply on April 10, 2026, Plaintiffs' counsel face deadlines to file three substantive briefs in two separate class action lawsuits in federal and state courts: a response to a demurrer, a reply to a motion for leave to amend, and an opposition to a request for judicial notice. In addition, Plaintiffs' counsel must work with an expert to finalize an expert report and file a position statement for an upcoming mediation. In addition to these case-related obligations, Plaintiffs' counsel David Berman has a planned family vacation from April 8 to 10, for three of the seven days in the 7-day period to reply, and Plaintiffs' counsel Peter Romer-Friedman will travel for four hours on Thursday April 9 to attend a speaking engagement at a law school on Friday April 9 and four hours on Friday to return home from that speaking engagement.

These previously-scheduled professional and personal obligations are more than sufficient to justify an extension of three business days to file the reply brief. Moreover, this is the first extension that Plaintiffs have sought to file a brief in this action, and the requested three business day extension will not delay any existing deadlines or proceedings.

Second, the Court should enter an order authorizing Plaintiffs to address in their reply brief on the sanctions motion any arguments regarding Defendants' request for an extension to file their opposition brief after the April 1, 2026 deadline, including any argument that Defendants failed to comply with this Court's Individual Rules and that Defendants did not demonstrate excusable neglect under Rule 6(b)(1)(B) in making their request. Without such an order, it may be necessary for Plaintiffs to file a separate response to Defendants' request for an extension to ensure that the response is not untimely under this Court's Individual Rules. Although Defendants did not file a letter motion to seek the extension—as required by this Court's Individual Rule 3(E)—their request for an extension did appear in a "letter" to the Court, ECF No. 73 at 1 n.1, and this Court's Individual Rule 3(A) requires responses to letter motions to be filed within three business days.

For these reasons, the Court should grant Plaintiffs an extension to file their reply brief in support of the sanctions motion on April 15, 2026, and authorize Plaintiffs to address in their reply brief any arguments over Defendants' post-deadline request for an extension to file their opposition brief.

Sincerely,

*Peter Romer-Friedman*                                    *David Berman*

Peter Romer-Friedman                                    David Berman

PETER ROMER-FRIEDMAN LAW PLLC
1629 K Street NW, Suite 300                                    16 Court Street, Fl 33
Washington, DC 20006                                    Brooklyn, NY 11241